## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **DENNIS MOORE and KENNETH ALEXANDER,** | : | |
| | : | **Civil Action Number:** |
| **Plaintiffs,** | : | 1:14-cv-3330-AT |
| | : | **Jury Trial Demanded** |
| **vs.** | : | |
| | : | |
| **CITY OF UNION CITY, GEORGIA,** | : | |
| | : | |
| **Defendant.** | : | |

### COMPLAINT

Plaintiffs Dennis Moore ("Lt. Moore") and Kenneth Alexander ("Lt. Alexander"), by and through the undersigned counsel and pursuant to Fed. R. Civ. P. 7, bring this Complaint against Defendant City of Union City, Georgia ("Union City") and show the Court as follows:

### INTRODUCTION

1.

Plaintiffs bring this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 *et seq*.), ("the FLSA") to recover due but unpaid overtime compensation and additional like amounts as liquidated damages and to be reimbursed their costs of litigation, including their reasonable attorneys' fees.

- 1 -

2.

In addition to their federal causes of action, Plaintiffs assert pendent state law claims which arise out of the same set of operating facts as their federal claims.  These are (1) breach of contract, (2) quantum meruit and (3) promissory estoppel.

**JURISDICTION AND VENUE**

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

This Court has supplemental jurisdiction over Plaintiffs' state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. §1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Union City is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

6.

Union City is a municipal corporation organized under the Constitution and the laws of the State of Georgia.

7.

At all times material hereto, Union City has been a "public agency" as defined in FLSA §3(x), 29 U.S.C. §3(x).

8.

Union City is a public agency of the State of Georgia within the meaning of 29 USC § 203(s)(1)(C).

9.

Union City is an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § (s)(1).

10.

At all times material hereto, Union City has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

11.

At all times material hereto, Union City--as a "public agency"--has been the employer of Plaintiffs within the meaning of 29 U.S.C. § 203 (d).

12.

At all times material hereto, Plaintiffs have been employees of Union City--as a "public agency"--within the meaning of 29 U.S.C. § 203 (3)(2)(C).

13.

Union City is subject to the personal jurisdiction of this Court.

14.

Union City may be served with process through its Mayor, Vince Williams, at 5047 Union Street, Union City, Georgia 30291.

15.

Lt. Moore is a citizen of the United States and resides in Fayette County, Georgia.

16.

Union City employs Lt. Moore as a Lieutenant in its Fire Department in and around Union City, Georgia.

17.

Union City has employed Lt. Moore in its Fire Department on a continuous basis since October 20, 1988.

18.

At all times material hereto, as a Lieutenant for the Union City Fire Department, Lt. Moore has performed as a first responder performing work such as preventing, controlling or extinguishing fires and rescuing fire, crime or accident victims.

19.

On or about April 3, 2014, Union City advised Lt. Moore that it had reclassified his position as Lieutenant "from exempt to non-exempt status under the Fair Labor Standards Act".

20.

Union City did not change Lt. Moore's duties either before or after reclassifying his position from exempt to non-exempt.

21.

Prior to March 30, 2014, Union City misclassified Lt. Moore as exempt from the maximum hours protections set for in FLSA § 7, 29 U.S.C. § 207(k).

22.

At all times material hereto, Lt. Moore has been an employee entitled to the maximum hour protections as set forth in FLSA § 7, 29 U.S.C. § 207(k).

23.

At all times material hereto, Lt. Moore has been entitled to compensation at one and one half times his regular rate for all work in excess of 212 hours in each 28-day work period.

24.

At all times material hereto, Union City did not employ Lt. Moore in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

25.

At all times material hereto, Union City did not employ Lt. Moore in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

26.

At all times material hereto, Union City did not employ Lt. Moore in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

27.

Lt. Alexander is a citizen of the United States and resides in Coweta County, Georgia.

28.

Union City employs Lt. Alexander as a Lieutenant in and around Union City, Georgia.

29.

Union City has employed Lt. Alexander in its Fire Department on a continuous basis since December 7, 1977.

30.

At all times material hereto, as a Lieutenant for the Union City Fire Department, Lt. Alexander has performed such work as preventing, controlling or extinguishing fires and rescuing fire, crime or accident victims.

31.

On or about April 3, 2014, Union City advised Lt. Alexander that it reclassified his position as Lieutenant "from exempt to non-exempt status under the Fair Labor Standards Act".

32.

Union City did not change Lt. Alexander's duties either before or after it reclassified his position from exempt to non-exempt.

33.

At all times relevant hereto from October 2011 through and including March 30, 2014, Union City misclassified Lt. Alexander as exempt from the maximum hours protections set for in FLSA § 7, 29 U.S.C. § 207(k).

34.

At all times material hereto, Lt. Alexander has been entitled to the maximum hour protections as set forth in FLSA § 7, 29 U.S.C. § 207(k).

35.

At all times material hereto, Lt. Alexander has been entitled to compensation at one and one half times his regular rate for all work time in excess of 212 hours in each 28-day work period.

36.

At all times material hereto, Union City did not employ Lt. Alexander in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

37.

At all times material hereto, Union City did not employ Lt. Alexander in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

38.

At all times material hereto, Union City did not employ Lt. Alexander in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

## COUNT I
## FAILURE TO PAY OVERTIME TO LT. MOORE

39.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

40.

At all times material hereto, Lt. Moore has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

41.

During his employment with Defendant, Lt. Moore regularly worked in excess of two hundred twelve (212) hours in each twenty eight-day work period.

42.

Defendant failed to pay Lt. Moore at one and one half times his regular rate for work in excess of two hundred twelve (212) hours in certain twenty eight-day work period from October 2011 through March 30, 2014.

43.

Defendant willfully failed to pay Lt. Moore at one and one half times his regular rate for work in two hundred twelve (212) hours in certain twenty eight-day work period from October 2011 through March 30, 2014.

44.

Lt. Moore is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

45.

As a result of the underpayment of overtime compensation as alleged above, Lt. Moore is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

46.

As a result of the underpayment of overtime compensation as alleged above, Lt. Moore is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II
## BREACH OF CONTRACT BETWEEN UNION CITY AND LT. MOORE

47.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

48.

Lt. Moore and Union City were parties to a contract of employment ("the Moore Contract") from his date of hire through the date of filing of this action.

49.

The Moore Contract provided that Union City would compensate Lt. Moore for work that he performed at its request on days when he was otherwise scheduled to be free of all duty.

50.

Lt. Moore frequently performed work at Union City's request on days when he was otherwise scheduled to be free of all duty.

51.

Union City failed to compensate Lt. Moore for work he performed at its request on days when he was otherwise scheduled to be free of all duty.

52.

Union City's failure to compensate Lt. Moore for work he performed at its request on days when he was otherwise scheduled to be free of all duty constitutes a material breach of the Moore Contract.

53.

As the direct and foreseeable result of this breach, Lt. Moore has sustained and continues to sustain damages in an amount to be proved at trial.

## COUNT III
## QUANTUM MERUIT  -LT. MOORE

### 54.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

### 55.

At all times material hereto, Lt. Moore served as a Lieutenant for the Union City Fire Department at Union City's request on days when he was otherwise scheduled to be free from all duty.

### 56.

Lt. Moore's service as a Lieutenant for Union City as described above was valuable to Defendant.

### 57.

Union City requested Lt. Moore's service as a Lieutenant on days when he was otherwise scheduled to be free from all duty.

### 58.

Union City knowingly accepted Lt. Moore's service as a Lieutenant on days when he was otherwise scheduled to be free from all duty.

59.

The receipt of Lt. Moore's services as a Lieutenant for Union City without compensation would be unjust.

60.

Lt. Moore expected to be compensated at the time he provided his services as a Lieutenant on days when he was otherwise scheduled to be free from all duty.

61.

Lt. Moore is entitled to a recover from Union City the reasonable value of the services he provided as a Union City Fire Department Lieutenant on days when he was otherwise scheduled to be free from all duty, in an amount to be determined at trial.

## COUNT IV
## PROMISSORY ESTOPPEL – LT. MOORE

62.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

63.

Union City promised to compensate Lt. Moore in return for his service as a Lieutenant on days when he was otherwise scheduled to be free from all duty.

64.

Union City should have reasonably expected that Lt. Moore would induce action in reliance of said promise, *i.e*., serve as a Lieutenant in the Union City Fire Department on days when he was otherwise scheduled to be free from all duty..

65.

Union City's promise induced Lt. Moore to act in reliance thereof, i.e., to serve as a Union City Fire Department Lieutenant on days when he was otherwise scheduled to be free from all duty, to his detriment.

66.

Lt. Moore's service as a Union City Fire Department Lieutenant on days when he was otherwise scheduled to be free from all duty conferred a benefit on Union City.

67.

Union City failed to compensate Lt. Moore in accordance with its promise.

68.

Lt. Moore relied on Union City's promise.

69.

Lt. Moore's reliance on Union City's promise was reasonable.

70.

Injustice can only be avoided by enforcement of Union City's promise.

71.

Lt. Moore is entitled to a recover from Union City the reasonable value of the

services he provided as a Lieutenant for Defendant on days when he was otherwise

scheduled to be free from all duty, in an amount to be determined at trial.

**COUNT V**
**FAILURE TO PAY OVERTIME TO LT. ALEXANDER**

72.

The allegations in all previous paragraphs are incorporated by reference as if fully

set out in this paragraph.

73.

At all times material hereto, Lt. Alexander has been an employee covered by the

FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. §

207(a).

74.

At all times material hereto, Lt. Alexander regularly worked in excess of two

hundred twelve (212) hours each twenty eight day work period.

75.

Defendant failed to pay Lt. Alexander at one and one half times his regular rate for

work in two hundred twelve (212) hours in certain twenty eight day work period from

October 2011 through March 30, 2014.

76.

Defendant willfully failed to pay Lt. Alexander at one and one half times his regular rate for work in two hundred twelve (212) hours in certain twenty eight day work period from October 2011 through March 30, 2014.

77.

Lt. Alexander is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

78.

As a result of the underpayment of overtime compensation as alleged above, Lt. Alexander is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

79.

As a result of the underpayment of overtime compensation as alleged above, Lt. Alexander is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT VI**
**BREACH OF CONTRACT BETWEEN UNION CITY AND LT. ALEXANDER**

80.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

- 16 -

81.

Lt. Alexander and Union City were parties to a contract of employment ("the Alexander Contract") from his date of hire through the date of filing of this action.

82.

The Alexander Contract provided that Union City would pay Lt. Alexander for work that he performed at its request on days when he was otherwise scheduled to be free from all duty.

83.

Union City's failure to pay Lt. Alexander for all work he performed at its request on days when he was otherwise scheduled to be free from all duty constitutes a material breach of the Alexander Contract.

84.

As the direct and foreseeable result of this breach, Lt. Alexander has sustained and continues to sustain damages in an amount to be proved at trial.

## COUNT VII
## QUANTUM MERUIT – LT. ALEXANDER

85.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

86.

From on or about October 2011 through March 30, 2014, Lt. served as a Lieutenant for the Union City Fire Department at Union City's request on days when he was otherwise scheduled to be free from all duty.

87.

Lt. Alexander's service as a Union City Fire Department Lieutenant on days when he was otherwise scheduled to be free from all duty was valuable to Defendant.

88.

Union City requested Lt. Alexander's service as a Union City Fire Department Lieutenant on days when he was otherwise scheduled to be free from all duty.

89.

Union City knowingly accepted Lt. Alexander's service as a Union City Fire Department Lieutenant days when he was otherwise scheduled to be free from all duty.

90.

Union City's receipt of Lt. Alexander's services as a Union City Fire Department Lieutenant on days when he was otherwise scheduled to be free from duty without compensation would be unjust.

91.

Lt. Alexander expected to be compensated at the time he provided his services as a Lieutenant on days when he was otherwise scheduled to be free from duty.

92.

Lt. Alexander is entitled to a recover from Union City the reasonable value of the services he provided as a Union City Fire Department Lieutenant on days when he was otherwise scheduled to be free from duty, in an amount to be determined at trial.

## COUNT VIII
## PROMISSORY ESTOPPEL – LT. ALEXANDER

93.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

94.

On October 2011, Union City promised to pay Lt. Alexander in return for Plaintiff's service as a Lieutenant on days when he was otherwise scheduled to be free from duty.

95.

Union City should have reasonably expected that Lt. Alexander would induce action in reliance of said promise, *i.e.,* serve as a Union City Fire Department Lieutenant on days when he was otherwise scheduled to be free from duty.

96.

Union City's promise induced Lt. Alexander to act in reliance thereof, *i.e.*, to serve as a Union City Fire Department Lieutenant on days when he was otherwise scheduled to be free from duty, to his detriment.

97.

Lt. Alexander's service as a Union City Fire Department Lieutenant on days when he was otherwise scheduled to be free from duty conferred a benefit on Union City.

98.

Union City failed to pay Lt. Alexander in accordance with its promise.

99.

Lt. Alexander relied on Union City's promise.

100.

Lt. Alexander's reliance on Union City's promise was reasonable.

101.

Injustice can only be avoided by enforcement of Union City's promise.

102.

Lt. Alexander is entitled to a recover from Union City the reasonable value of the services he provided as a Union City Fire Department Lieutenant on days when he was otherwise scheduled to be free from duty, in an amount to be determined at trial.

WHEREFORE, Plaintiffs respectfully pray that:

1.      Their claims be tried before a jury;

2.       They be awarded an amount to be determined at trial against Union City in unpaid

overtime compensation due under the FLSA, plus additional like amounts in

liquidated damages;

3.      They have and recover judgment against Union City for the pendent State claims

herein asserted in amounts to be proved at trial;

4.      They be awarded their costs of litigation, including their reasonable attorneys' fees

from Union City; and

5.      For such other and further relief as the Court deems just and proper.

Respectfully submitted,


DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC


/S/CHARLES R. BRIDGERS
CHARLES R. BRIDGERS
GA. BAR NO. 080791

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3171
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

/S/ KEVIN D. FITZPATRICK, JR.
KEVIN D. FITZPATRICK, JR.
GA. BAR NO. 262375

COUNSEL FOR PLAINTIFFS