# EXHIBIT "A"

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (hereinafter the "Agreement") is entered into by and between the City of Union City, Georgia (hereinafter, "Defendant") and Kenneth Alexander ("Alexander" or "Plaintiff") and Dennis Moore ("Moore" or "Plaintiff") (collectively, "Plaintiffs"). Defendant and Plaintiffs are collectively referred to as the "Parties."

WHEREAS, Plaintiffs and Defendant are parties to a civil action pending in the United States District Court for the Northern District of Georgia, Atlanta Division, styled *Dennis Moore and Kenneth Alexander, Plaintiffs v. City of Union City, Georgia, Defendant,* Civil Action No. 1:14-CV-03330-AT (hereinafter referred to as the "Litigation"), which action arises out of or relates to the employment of or work performed by the Plaintiffs;

WHEREAS, in the Litigation, Plaintiffs claim that the Defendant intentionally and willfully failed to pay them the required compensation under the Fair Labor Standards Act ("FLSA") and Defendant denies these allegations;

WHEREAS, Plaintiffs and Defendant desire to enter into an agreement resolving and settling all claims, allegations and causes of action asserted or which could have been asserted by Plaintiffs in the Litigation that arise out of or relate to compensation for any work performed by Plaintiffs for Defendant; and

WHEREAS, Plaintiffs warrant and represent that they have not assigned any of the claims against Defendant that are released in this Agreement to any other person or entity and that no attorneys other than Charles R. Bridgers and Kevin D. Fitzpatrick, Jr. of DeLong Caldwell Bridgers & Fitzpatrick, LLC have a claim for attorneys' fees and/or costs arising from Plaintiffs' claims released in this Agreement; and

WHEREAS, this Agreement constitutes a good faith settlement of all of Plaintiffs' disputed claims and allegations that were asserted or could have been asserted by Plaintiffs in the Litigation arising out of or relating to compensation for any work performed by Plaintiffs for Defendant, and shall not be deemed in any manner an admission, finding, or indication, for any purposes whatsoever, that the Defendant, or any of its officials, officers, employees, and/or other agents acted contrary to law or violated the rights of Plaintiffs or any other person at any time.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree as follows:

1. **Consideration.** In consideration of the Agreement and other good and sufficient consideration, including Plaintiffs' agreement to dismiss with prejudice the Litigation, Defendant and Defendant's liability insurer agree to pay Plaintiffs and their attorneys the total gross sum of Seventeen Thousand Two Hundred Eight-Five Dollars and Eighty-Five Cents ($17,285.85), payable as follows:

   a. The sum of One Thousand Four Hundred Sixty-Three Dollars and 84/100 Cents ($1,463.84), less all federal, state, and other applicable taxes and withholdings, payable to Plaintiff Kenneth Alexander in settlement of Plaintiff Alexander's claims for alleged unpaid wages under the Fair Labor Standards Act (FLSA) and for which Plaintiff Alexander will receive a Form W-2.

   b. The sum of One Thousand Four Hundred Sixty-Three Dollars and 84/100 Cents ($1,463.84), with no withholdings or deductions, payable to Plaintiff Kenneth Alexander for alleged liquidated damages under the FLSA for which a Form 1099 shall issue to Plaintiff Alexander.

   c. The sum of Two Thousand Three Hundred and Nine Dollars and 96/100 Cents ($2,309.96), less all federal, state, and other applicable taxes and withholdings, payable to Plaintiff Dennis Moore in settlement of Plaintiff Moore's claims for alleged unpaid wages under the Fair Labor Standards Act (FLSA) and for which Plaintiff Moore will receive a Form W-2.

   d. The sum of Two Thousand Three Hundred and Nine Dollars and 96/100 Cents ($2,309.96), with no withholdings or deductions, payable to Plaintiff Dennis Moore for alleged liquidated damages under the FLSA for which a Form 1099 shall issue to Plaintiff Moore.

   e. The sum of Nine Thousand Seven Hundred and Eleven Dollars and 25/100 Cents ($9,711.25) for attorneys' fees and costs, payable to Kevin D. Fitzpatrick, Jr. for which a Form 1099 shall issue to Kevin D. Fitzpatrick, Jr. and Plaintiffs.

   f. Plaintiffs agrees to pay all taxes, if any, which may be deemed owing on the payments under this section, except for Defendant's portion of FICA and other employer portion tax contributions associated with the payment designated as unpaid wages. Plaintiffs further agree that they will indemnify and hold Defendant and its related and affiliated entities harmless from and against any taxes, penalties and/or interest that might arise from any challenge by the Internal Revenue Service or similar state agency to Plaintiffs' tax treatment of any amounts paid to them, except for any challenge associated with Defendant's responsibility for the employer portion of FICA

and other employer portion tax contributions associated with the payment designated as unpaid wages.

       g.    Plaintiffs represent and warrant that Charles R. Bridgers and Kevin D. Fitzpatrick, Jr. of DeLong Caldwell Bridgers & Fitzpatrick, LLC are and have been the sole attorneys for them with respect to the Litigation and all claims set forth therein; that no other attorney or law firm has any claim for legal fees, costs, and/or expenses relating to the Litigation; and that all legal fees, costs, and/or expenses for which Defendant could be liable in connection with the Litigation are discharged.

       h.    The settlement checks described in Paragraph 1 shall be transmitted to DeLong Caldwell Bridgers & Fitzpatrick, LLC within the time period specified in Paragraph 3 below.

    2.    **Release & Waiver of All Claims.**

In exchange for the payments set forth in Paragraph 1 above, and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs, their agents, assigns, heirs, executors, administrators, and successors, fully and absolutely **RELEASE AND FOREVER DISCHARGE** Defendant, and each of its present and former predecessors, successors and assigns, and the present and former officials, officers, employees, agents, insurers, attorneys, partners, consultants, managers, and representatives (whether in their official or individual capacities), and all persons acting by, through, under or in concert with any of them, whether past, present or future (collectively "Released Parties"), from any and all allegations, claims, demands, rights, charges, actions, causes of action, liabilities, damages, costs, attorneys' fees and expenses, whether known or unknown, which were asserted or which could have been asserted in the Litigation and which are based on, related to, or arise from the alleged failure by Defendant to properly compensate Plaintiffs for all hours worked for or on behalf of Defendant. This release specifically includes all claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., as well as all other federal, state, local, statutory or common laws relating to the alleged failure by Released Parties to compensate Plaintiffs for all time worked for or on behalf of Defendant.

    3.    **Court Approval.**    The Parties agree that, upon execution of this Agreement, they shall file a joint motion for approval of the settlement with the United States District Judge before whom this Litigation is pending for the purposes of obtaining court approval in accordance with the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. All Parties agree that they will set the joint motion for hearing as soon as possible, if necessary. After the court approves the settlement of this Litigation, Defendant will transmit the payments required under Paragraph 1 to DeLong Caldwell Bridgers &

Fitzpatrick, LLC within fourteen (14) business days. If the District Court does not approve this Agreement, it shall be void *ab initio*.

4. **Dismissal of Action.**

   a. Upon Plaintiffs' receipt of the payments required under Paragraph 1, the Parties, through counsel of record, agree to fully execute and file the Stipulation of Dismissal with Prejudice attached hereto as Exhibit 1, with the court within two (2) business days.

   b. Plaintiffs represent that as of the date Plaintiffs sign this Agreement, they have not filed or initiated, or caused to be filed or initiated, any complaint, claim, action or lawsuit of any kind against any of the Released Parties in any federal, state or local court or agency other than the Litigation. Plaintiffs agree not to initiate or file, or cause to be initiated or filed, any action, lawsuit, complaint or proceeding asserting any of the claims released by this Agreement against any of the Released Parties. Plaintiffs further agree not to be a member of any class or collective action in any court or in any arbitration proceeding seeking relief against the Released Parties based on claims released by this Agreement, and that even if a court or arbitrator rules that Plaintiffs may not waive a claim released by this Agreement, Plaintiffs will not accept any money damages or other relief. Plaintiffs agree to promptly reimburse Defendant for any legal fees that Defendant incurs as a result of any breach of this paragraph by Plaintiffs.

5. **Execution.** This Agreement shall become effective upon its approval by the court. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument. Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed as an original.

6. **Entire Release.** Plaintiffs affirm that the only consideration for their decision to execute and their execution of the Agreement are the terms stated herein and that there are no other promises or arrangements of any kind which have caused them to execute the Agreement; that they have been advised to and have consulted with their attorneys regarding the terms, conditions and the final and binding effect of this Agreement; and they understand the meaning of the Agreement and its final and binding effect.

7. **Severability.** Each provision of this Agreement shall be considered separable, distinct, and severable from the other and remaining provisions, and any breach, invalidity or unenforceability of any provision shall not impair the operation, validity, or enforceability of those provisions that are valid and, to the extent allowed by

law, such invalid or otherwise unenforceable provision may be modified by a court of competent jurisdiction so as to render it enforceable. Notwithstanding the foregoing sentence, if Paragraphs 1 or 2, including subparagraphs, are found to be invalid by a court of competent jurisdiction, the entire Agreement is invalid.

8. **Amendments.** Any modification or change to this Agreement must be made in writing and signed by all Parties.

9. **Construction.** The language contained in this Agreement shall be deemed to be approved jointly by the Parties, and no rule of strict construction shall be applied against any Party hereto. No provision of this Agreement is inferred or shall be interpreted or applied so as to preclude any Party to this Agreement from complying with any federal, state, or local law, rule, or regulation.

10. **Governing Law.** This Agreement is executed in the State of Georgia and all terms of this Agreement shall be governed and construed pursuant to the laws of the State of Georgia.

The Parties further warrant and represent as follows: I HAVE CAREFULLY READ AND FULLY UNDERSTAND THE PROVISIONS OF THIS AGREEMENT INCLUDING PLAINTIFFS' RELEASE AND WAIVER OF CLAIMS AGAINST CITY OF UNION CITY. I HAVE ENTERED INTO THIS AGREEMENT KNOWINGLY AND VOLUNTARILY AS AN ACT OF MY OWN FREE WILL AND HAVE NOT RELIED UPON ANY OTHER REPRESENTATION OR STATEMENT, WRITTEN OR ORAL. I HAVE HAD AN OPPORTUNITY TO CONSULT WITH AN ATTORNEY AND, IF NECESSARY, WITH OTHER PERSONAL ADVISORS OF MY CHOOSING, PRIOR TO EXECUTING THIS AGREEMENT AND RELEASE OF CLAIMS, AND I HAVE HAD SUFFICIENT TIME AND OPPORTUNITY TO DO SO.

<*The remainder of this page intentionally left blank.*>

IN WITNESS WHEREOF, the undersigned has executed this Settlement Agreement and Release of All Claims.

**ACCEPTED AND AGREED BY KENNETH ALEXANDER**

By: _____
     Kenneth Alexander

Sworn to and subscribed
before me this ____ day
of _____, 2015.

_____
NOTARY PUBLIC

My Commission Expires: _____.

**ACCEPTED AND AGREED BY DENNIS MOORE**

By: _____[signature]_____
     Dennis Moore

Sworn to and subscribed
before me this 6 day
of July, 2015.

_____[signature]_____
NOTARY PUBLIC

My Commission Expires: 07/22/2017.

Larry Copeland Sr
Notary Public, Fayette County, GA
My Commission Expires July 22, 2017

<Signatures continued on next page.>

Page 6 of 7

ACCEPTED AND AGREED BY CITY OF UNION CITY, GEORGIA

By: _____
Vince Williams

Its: _____
Mayor


ATTESTATION:

On this __16__ day of June, 2015, before me has personally appeared one such Vince Williams, Mayor, City of Union City, to me known to be the individual described herein who has executed the foregoing Release, and has acknowledged that he has done so voluntarily.

_____
Jacqueline R. Cossey, Clerk

(CITY'S SEAL)

Page 7 of 7

# EXHIBIT "1"

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DENNIS MOORE and** ) <br> **KENNETH ALEXANDER,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> **CITY OF UNION CITY,** ) <br> **GEORGIA,** ) <br> ) <br> **Defendant.** ) | **CIVIL ACTION FILE NO.** <br> **1:14-CV-3330-AT** |

## STIPULATION OF DISMISSAL WITH PREJUDICE

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the parties, by and through their undersigned counsel of record, hereby stipulate and agree to the dismissal with prejudice of the above-captioned action. Except as otherwise agreed between the parties, each party shall bear its own attorneys' fees and costs.

Respectfully submitted, this _____ day of _____, 2015.

**[*Signatures on Next Page*]**

-2-

| | |
|---|---|
| s/ Kevin D. Fitzpatrick | s/Sharon P. Morgan |
| Charles R. Bridgers | Sharon P. Morgan |
| Ga. Bar No. 080791 | Georgia Bar No. 522955 |
| Kevin D. Fitzpatrick, Jr. | Tracy L. Glanton |
| Ga. Bar No. 262375 | Georgia Bar No. 415008 |
| DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC | ELARBEE, THOMPSON, SAPP & WILSON, LLP |
| 3100 Centennial Tower | 800 International Tower |
| 101 Marietta Street | 229 Peachtree Street, N.E. |
| Atlanta, Georgia 30303 | Atlanta, Georgia 30303 |
| (404) 979-3171 | (404) 659-6700 |
| (404) 979-3170 Facsimile | (404) 222-9718 Facsimile |
| charlesbridgers@dcbflegal.com | morgan@elarbeethompson.com |
| kevinfitzpatrick@dcbflegal.com | glanton@elarbeethompson.com |
| | |
| Attorneys for Plaintiffs | Attorneys for Defendant |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DENNIS MOORE and KENNETH ALEXANDER,** ) ) ) | |
| Plaintiffs, ) ) | |
| ) | **CIVIL ACTION FILE NO.** |
| v. ) | **1:14-CV-3330-AT** |
| ) | |
| **CITY OF UNION CITY, GEORGIA,** ) ) ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on _____, 2015, I electronically filed a true and correct copy of **STIPULATION OF DISMISSAL WITH PREJUDICE** with the Clerk of Court using the CM/EMF system which will automatically send email notification of such filing, constituting service, to the following attorneys of record:

                        Charles R. Bridgers
                        Kevin D. Fitzpatrick, Jr.

                                              s/Sharon P. Morgan
                                              Sharon P. Morgan
                                              Georgia Bar No. 522955

-2-

ELARBEE, THOMPSON, SAPP & WILSON, LLP
229 Peachtree Street, N.E.
800 International Tower
Atlanta, Georgia  30303
(404) 659-6700
(404) 222-9718 (Facsimile)
morgan@elarbeethompson.com

Attorney for Defendant